**Martha A. VALLADAREZ, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 04–3326.

United States Court of Appeals,
Federal Circuit.

Oct. 13, 2004.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Martha A. Valladarez moves for leave to proceed in forma pauperis. The Department of Justice (DOJ) moves to dismiss

Valladarez's petition for review. Vallada- rez opposes. DOJ replies. Valladarez sur-replies.

On January 8, 2004, the Merit Systems Protection Board issued a final decision in Valladarez's case, *Valladarez v. Depart- ment of Justice*, SF–0353–03–0124–I–1 (Jan. 8, 2004), specifying that its decision was final and that any petition for review must received by this court within 60 days of receipt of the Board's decision. Valla- darez received the decision on January 14, 2004. Valladarez's petition for review was received by the court on June 4, 2004, 142 days after her receipt of the Board's deci- sion.

Our review of a Board decision is gov- erned by 5 U.S.C. § 7703(b)(1), which pro- vides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Admin- istraiton*, 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Valladarez's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., March 15, 2004. Because it was received on June 4, 2004, 81 days late, this court must dismiss Valladarez's petition as un- timely.

Furthermore, Valladarez seeks review of the April 21, 2004 decision by the Equal Employment Opportunity Commission (EEOC) affirming the Board's decision. The court lacks jurisdiction to review dis- crimination claims arising in Board deci- sions and lacks jurisdiction to review EEOC decision. *See* 5 U.S.C. § 7703(b). *Williams v. Department of the Army*, 715 F.2d 1485 (Fed.Cir.1983) (en banc).

Accordingly,

IT IS ORDERED THAT:

(1) DOJ's motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.